# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-07811-SVW-KS | Date | January 31, 2018 |
| Title | *John Diaz v. Pennsylvania Life Insurance Company et al* | | |

---

**Present: The Honorable** STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO REMAND [15]

## I. Introduction

This case involves the alleged improper denial of a claim for disability benefits under an "accident benefit policy." Plaintiff's Complaint alleges claims for breach of contract, breach of the implied covenant of good faith and fair dealing ("bad faith") and violation of Business and Professions Code section 17200, *et seq.* ("Section 17200"). The Complaint not only seeks unpaid insurance benefits, but also alleges emotional distress damages, attorneys' fees, punitive damages and treble punitive damages under California Civil Code section 3345 ("Section 3345").

## II. Legal Standard

Removal to Federal Court is proper when the parties possess a diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). A defendant or defendants to such an action filed in a State court may have the action removed to the district courts of the United States provided that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A defendant desiring to remove any action from a state court shall file in the District Court of the United States a Notice of Removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07811-SVW-KS | Date | January 31, 2018 |
|---|---|---|---|
| Title | *John Diaz v. Pennsylvania Life Insurance Company et al* | | |

To support removal based on diversity jurisdiction, the defendant "has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002).

### III. Discussion

Plaintiff seeks past and future benefits due under the policy. *Complaint*, ¶ 5. Although Plaintiff does not allege the specific amount he seeks, he alleges the policy provides $1,800 per month if he is totally disabled. *Id.* at ¶ 2. Plaintiff also seeks unspecified general damages, including emotional distress (Complaint, ¶¶ 23, 30, and Prayer for Relief, ¶ 5), which courts also consider in determining the jurisdictional amount. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). Plaintiff further seeks an award of punitive damages and treble punitive damages (Complaint, ¶¶ 24. 32, and Prayer for Relief, ¶¶ 6, 7), which are also considered in calculating the amount in controversy.

The policy at issue is for two years, potentially paying $1,800/month for 24 months. This alone is more than $40,000. In combination with Plaintiff's punitive damages and emotional distress claims the potential liability is easily much larger. Defendant has met its burden of showing that the amount in controversy exceeds $75,000.

The motion to remand is DENIED.

IT IS SO ORDERED.

Initials of Preparer

PMC